IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10824
Conference Calendar

_____


RICHARD C. MORROW,

                                        Plaintiff-Appellant,


versus

JAMES A. COLLINS, ET AL.,

                                        Defendants,

RICHARD THALER, Warden of TDCJ Ramsey
Unit, ET AL.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:94-CV-281
- - - - - - - - - -
March 19, 1997
Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:

     Richard C. Morrow, Texas inmate #606781, moves this court

for leave to proceed on appeal in forma pauperis (IFP).  On

January 9, 1997, this court ordered Morrow to file an affidavit

for leave to proceed IFP on appeal pursuant to the Prison

Litigation Reform Act of 1995 (PLRA).  See Morrow v. Collins, No.

96-10824 (5th Cir. Jan 9, 1997) (one-judge order).  The order

held Morrow's appeal in abeyance for 30 days pending payment of

the $105 filing fee or submittal of the required documents pursuant to the PLRA.  Morrow received notice that failure to comply with the order would result in the dismissal of his appeal for want of prosecution.  Id.

Morrow's IFP motion, filed within the 30-day period, does not comply with the PLRA because Morrow has not attached a certified statement of his prison trust account.  Morrow asserts that he attempted to acquire the certified statement on January 27, 1997, but due to the history of hostility Texas Department of Criminal Justice (TDCJ) officials have toward inmate litigants, he is unable to provide the required document.  We take judicial notice of the recently established TDCJ procedures[*] whereby an inmate may obtain the certified statement of the inmate trust account.  The notarized Trust Fund Balance Inquiry Screen, the document created by following the procedures for records release information, is sufficient to comply with the PLRA's requirement of a certified statement of the prison trust account.  In light of the relative speed by which Morrow could obtain the document, his assertion of inability is insufficient to comply with this court's January 9 order.

Accordingly, Morrow's motion for leave to proceed IFP on appeal is DENIED, and his appeal is dismissed for want of prosecution.  See 5th Cir. R. 42.3.  Should Morrow wish to

---

[*]  To inform the bench, bar, and public of these procedures, the notice to inmates given by TDCJ is reprinted as the appendix.

reinstate his appeal, he is instructed to pay the $105 filing fee to the clerk of the district court within 30 days.

IFP MOTION DENIED.  APPEAL DISMISSED.


APPENDIX

**NOTICE TO OFFENDERS**

PRISONER'S LITIGATION REFORM ACT -- TITLE 28 U.S.C. § 1915

Effective December 1, 1996, procedures for requesting and receiving trust fund account information for filing an In Forma Pauperis Affidavit in any Federal District Court within the State of Texas, or for other valid legal purposes, are as follow:

RECORDS RELEASE INFORMATION:

1. The offender obtains a Records Release Authorization (ATC-Authorization No. 1) from the law library.  The offender completes all information and signs and dates the Authorization in the presence of the approved witnessing authority (Access to Courts Representative).

2. The witnessing authority identifies the offender by ID card or records and, upon verification, witnesses the offender's signature by signing the Records Release Authorization, which the witnessing authority will maintain.

3. The witnessing authority prints out a copy of the offender's trust fund balance which the witnessing authority certifies.  The certified copy is then

provided to the offender.

4.  The offender is required to have an addressed, stamped envelope prepared for mailing.  The certified trust fund information and other relevant court documents are immediately placed in the addressed and stamped envelope and the envelope is sealed and placed in the outgoing mail.

Note:  Trust fund information is for legal/court purposes ONLY.  Any other inquiries or questions regarding trust fund information, balances, deposits, withdrawals, etc. are to be submitted to TDCJ Offender Trust Fund Department.

Upon receipt of the offender's trust fund account information, the Federal Court will review the submitted information and determine the amount of the offender's "INITIAL PARTIAL FILING FEE".  The offender will be notified of the assessed amount by Court Order.

PAYMENT AUTHORIZATION:

1.  Upon receipt of the Court's "Initial Partial Filing Fee Order" the offender obtains a Payment Authorization (ATC Authorization No. 2) from the law library.  The offender completes, signs and dates the Authorization in the presence of the approved witnessing authority (Access to Courts Representative).

2.  The approved witnessing authority identifies the offender by ID card or records.

3.   Upon verification, the witnessing authority signs the Payment Authorization and the witnessing authority forwards the completed authorization to TDCJ Offender Trust Fund.