**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-10417

(Summary Calendar)
_____

HARRY DEAN HAYNES,

                    Plaintiff - Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
RAYMOND VILLARREAL; CALNALAS, LVN,

                    Defendants - Appellees.

Appeal from the United States District Court
For the Northern District of Texas

June 12, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Harry Haynes appeals the dismissal of his 42 U.S.C. § 1983 suit against various prison officials for deliberate indifference to his serious medical needs. His appeal raises two issues of first impression in this circuit regarding the applicability of the Prison Litigation Reform Act to nonprisoners, which we raise *sua sponte*.

I

Haynes filed this section 1983 action against Wayne Scott, the

director of the Texas Department of Criminal Justice, Institutional Division; Raymond Villarreal; and Nurse Irene Canalas,[1] alleging that they denied him penal medical care while in lock-up. Haynes alleges that prison officials withheld prescribed medication and that, as a result, Haynes required surgery that otherwise would have been unnecessary. Haynes charges that the prison's deliberate indifference to his serious medical needs violated his Eighth and Fourteenth Amendment rights.

The district court granted Haynes permission to proceed *in forma pauperis* ("i.f.p.") and advised him that he must notify the district court clerk's office of any change in address from his prison in Teague, Texas. The court referred the case to a United States magistrate judge. On March 3, 1996 the prison moved Haynes to Huntsville, Texas, and told him that his status was "in transit." On March 5, the Huntsville prison sent him to a different prison in the city. On March 6, prison officials notified Haynes for the first time that he was being processed for parole. On March 7, the second Huntsville prison released Haynes on parole, and Haynes went to Midland, Texas. On March 8, Haynes notified the district court clerk by mail of his change in address. Although receipt of this letter does not appear on Haynes's docket sheet, he alleges that the clerk's office placed the letter in his correspondence file.

On March 12, the district court mailed certain documents

---

[1] Haynes misspelled Canalas's last name and did not know her first name when he filed the complaint, therefore her name appears only as "Calnalas" in the caption of this case.

Haynes had requested to his Teague, Texas prison address. The prison at Teague returned the letter to the court, noting that Haynes had been paroled. The magistrate judge, reminding Haynes in an order that he had been warned to keep the court informed of changes in his address, dismissed Haynes's suit with prejudice for want of prosecution. Apparently aware of Haynes's new address, the magistrate judge entered final judgment March 20, 1996, which he mailed to Haynes in Midland. Haynes filed a timely notice of appeal to this court on April 18, 1996, asserting that the magistrate judge abused his discretion in dismissing the suit.

II

Haynes seeks to avoid paying docketing fees by pursuing this appeal under 28 U.S.C. § 1915. Days after Haynes filed his notice of appeal, the President signed into law the Prison Litigation Reform Act, P. L. No. 104-207, 110 Stat. 1321 (1996) ("PLRA" or "Act"), which amends the requirements for proceeding i.f.p. in the federal courts. The PLRA adds both a new filing procedure and a new fee requirement, and we have held that these requirements apply to appeals pending on the effective date of the Act. *Strickland v. Rankin County Correctional Facility*, 105 F.3d 973, 974-75 (5th Cir. 1997). Haynes's suit poses the following question: Do the amended filing and fee provisions of section 1915 apply to an appeal by a nonprisoner? We must address the applicability of the PLRA before considering the merits of Haynes's appeal.

The filing provision of the PLRA has two parts. Section 1915(a)(1) requires the filing of an affidavit listing the

petitioner's assets, and section (a)(2) requires a certified copy of a prison bank account statement. Under the plain language of section (a)(2), Haynes need not submit a prison account statement:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2), as amended. At the time of the triggering event, the bringing of a civil action or appeal, Haynes was a free man, not a prisoner. Because section (a)(2) plainly applies only to prisoners, Haynes does not need to submit any bank statements in order to proceed i.f.p.

By contrast, it is unclear whether the affidavit requirement of section (a)(1) applies to all i.f.p. petitioners, or only prisoners. Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a *person* who submits an affidavit that includes a statement of all assets such *prisoner* possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1), as amended (emphasis added). The wording of section (a)(1), which refers to both "persons" and "prisoners," makes it unclear whether the affidavit requirement applies to all persons or only prisoners.

Before the passage of the PLRA, section (a)(1) was a general grant of authority for courts to authorize i.f.p. suits without

prepayment of fees and costs, both for prisoners and nonprisoners. *See* 28 U.S.C. § 1915(a)(1)(1994). The unamended section required a petitioner to make an affidavit that he was unable to pay filing costs or give security therefor. *Id*. The PLRA was designed to curb frivolous lawsuits by prisoners, because Congress believed that prisoners were abusing the i.f.p. statute. *See Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996) (citing legislative history). The PLRA amended section (a)(1) to require petitioners to be more specific in their affidavits by adding a statement of assets, and section (a)(2) added the requirement that prisoners report their prison account balances.

Throughout amended section 1915, Congress explicitly states whether the provisions apply generally to "persons," presumably anyone (including a prisoner) who qualifies for pauper status, or "prisoners," which the statute defines as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h), as amended. The wording of section (a)(1), which refers to both "persons" and "prisoners," makes it unclear whether the affidavit requirement applies to all persons or only prisoners.

Because section (a)(1), as amended, is both a grant of authority an affidavit requirement, reading that section as applying only to prisoners would call into question the ability of the courts to allow nonprisoners to proceed i.f.p. There is no

-5-

indication in the statute or the legislative history of the PLRA that Congress meant to curb i.f.p. suits by nonprisoners. The statute is, after all, the *Prison* Litigation Reform Act. We think the most natural reading of the amendments in the PLRA is that Congress intended all petitioners to be more specific in their (a)(1) affidavits and that it intended prisoners to meet additional requirements under (a)(2).

The Sixth Circuit addressed this exact question in *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). After noting the tension between a "person" who submits an affidavit listing all assets "such prisoner" possesses, the court concluded that the use of the word "prisoner" was an oversight.[2] *Id*. at 276. The court noted that section (a)(1) begins by using the general noun "person" to indicate that the paragraph applies to all individuals, not just prisoners. *Id.*

The *Floyd* court noted that several other provisions of the PLRA, such as section (a)(2) and (b), refer specifically and exclusively to prisoners. *Id*. The court also noted that section (a)(1) should be read in conjunction with section (a)(2), which requires the reporting of a prison account statement, but only for *prisoners* seeking i.f.p. status. *Id*. We agree with the analysis of the Sixth Circuit and hold that the affidavit requirement of

---

[2] The Sixth Circuit cited LEXIS for this proposition, because the service has also apparently determined that the use of the word "prisoner" in section (a)(1) was an oversight. In LEXIS's online reporting of the statute, the service places the word "person" in brackets before the word "prisoner" in section (a)(1), then adds an explanatory note stating that "the word 'person' has been inserted in subsec. (a)(1) as the word probably intended by Congress." 28 U.S.C.S. § 1915(a)(1) (Law. Co-op, LEXIS 1996) (cited in *Floyd*, 105 F.3d at 277).

section 1915(a)(1) applies to all persons applying to proceed i.f.p.

Although Haynes must file an affidavit to proceed i.f.p., he need not pay the filing fee required by the PLRA. As with the prison account statement in section (a)(2), the fee requirement applies exclusively to prisoners. 28 U.S.C. § 1915(b), as amended ("[I]f a *prisoner* brings a civil action or files an appeal in forma pauperis, the *prisoner* shall be required to pay the full amount of a filing fee.") (emphasis added). Section 1915(b) requires prisoners who bring civil actions or file appeals to pay the filing fee on a set schedule. When Haynes filed his notice of appeal (the relevant triggering event for section 1915(b)), he was not a prisoner. Therefore it is plain that he need not meet the filing fee requirements of the PLRA. If we grant Haynes leave to file this suit as a pauper, he will not be responsible for the filing fee at all. *Cf. McGann v. Commissioner*, 96 F.3d 28, 30 (2d Cir. 1996) (declining to assess fees against petitioner who filed notice of appeal while incarcerated, but who was released before his appeal was heard).

We hold that the PLRA requires all petitioners to file an affidavit complying with section 1915(a)(1), but only prisoners must satisfy the requirements of sections 1915(a)(2) and 1915(b). Therefore we allow Haynes thirty days to file an affidavit complying with section 1915(a)(1) to continue with his appeal. After thirty days, if we have not received the affidavit, we will dismiss his appeal for failure to prosecute. *See Strickland*, 105

F.3d at 976 (allowing petitioner thirty days to meet filing requirements of PLRA); *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir. 1996) (same).