# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 96-10995

---

ROBERT M. GAY, JR.,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CORRECTIONS STATE JAIL DIV.;
E. HIGHTOWER, Warden, Hutchins Unit State Jail; HUTCHINS
STATE JAIL; GEORGIA SOOKUP, Supervisor Medical Records, Hutchins
Unit State Jail,

Defendants-Appellants.

---

Appeal from the United States District Court
for the Northern District of Texas

---

July 3, 1997

Before GARWOOD, BENAVIDES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

This case presents yet another spin on the filing-fee provision of the Prison Litigation Reform Act ("PLRA") of 1995, Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, § 804(a), Pub.L. No. 104-134, 110 Stat. 1321 (1996) (to be codified at 28 U.S.C. § 1915).[1] We must decide whether the PLRA's in forma pauperis (IFP) filing requirements apply to a prisoner who files a notice of appeal while he is in prison, but is released from prison during the pendency of his appeal. We hold that a person who files a notice of appeal while in prison is subject to the filing-

---

[1]See Williams v. Roberts, No. 96-31058 (currently pending before this court); Santee v. Quinlan, ---- F.3d ---- (5th Cir. 1997); Walp v. Scott, ---- F.3d ---- (5th Cir. 1997); Haynes v. Scott, ---- F.3d ---- (5th Cir. 1997); Jeffrey v. Walker, --- F.3d ---- (5th Cir. 1997); Morgan v. Haro, 112 F.3d 788 (5th Cir. 1997); Morrow v. Collins, 111 F.3d 374 (5th Cir. 1997); Strickland v. Rankin County Correctional Facility, 105 F.3d 972 (5th Cir. 1997); Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996).

fee requirements of the PLRA despite subsequent release from prison.

## BACKGROUND AND PROCEDURAL HISTORY

In July 1996, Gay, then a Texas inmate filed a pro se civil rights complaint and a motion to proceed IFP.  The district court granted Gay's motion to proceed IFP and referred his complaint to a magistrate judge.

According to Gay, while playing volleyball at the Hutchins Unit, he suffered an injury to his left knee.  Gay was sent to the medical clinic and saw Nurse Jackson.  Gay states that Nurse Jackson wrote in his medical record that an x-ray had been taken of his knee when, in fact, no such x-ray had been taken.  Gay contends that this "false statement" kept other physicians and medical staff from treating him properly during subsequent examinations.

Gay's complaint alleged that the defendants failed to supervise the actions of Nurse Jackson or "maintain ethical and moral standards among [their] employees."  He contended that the defendants' omissions constituted "'deliberate indifference to medical needs.'"  Gay admits, however, that he is no longer injured and does not allege any long-term injury.

On July 15, 1996, the magistrate judge found that Gay's action was frivolous under § 1915(e)(2) of the PLRA and recommended dismissal.  On July 26, 1996, Gay filed objections to the magistrate judge's recommendation.  Gay's objections indicate that he was still incarcerated at the Lindsey Unit on the date of filing.  On August 2, 1996, the district court adopted the magistrate judge's findings and dismissed Gay's complaint.  On August 12, 1996, Gay filed a notice of appeal in the district court.  Although the notice of appeal contains neither an address nor an inmate number, records of the Texas Department of Corrections show that Gay was released on September 10, 1996.[2] On January 9, 1997, Chief Judge Politz ordered that Gay's appeal be held in abeyance pending either payment of the docketing fee or the filing of an affidavit for IFP status that complied with the PLRA.

On January 16, 1997, Gay filed a motion to proceed IFP, a supporting affidavit, and a

---

[2]The district court's docket sheet, dated September 3, 1996, lists Gay as residing in Fort Worth, Texas.

2

statement of account in which Gay declared that he was "a free man." Gay's affidavit states that he is unemployed, is a full-time student at a community college, and is supported by the Texas Rehabilitation Commission.

## DISCUSSION

The PLRA changed the method by which courts process IFP requests for prisoners. Now, courts first examine a prisoner's IFP application and determine the financial status of the prisoner-plaintiff. This "front-end" deterrent came in response to a congressional concern that too many prisoners were filing too many frivolous or repetitive lawsuits. See Strickland v. Rankin County Correctional Facility, 105 F.3d 972, 975 n.2 (5th Cir. 1997); Grimes v. Texas Dep't of Mental Health, 102 F.3d 132, 137 (5th Cir. 1996). Thus, revised § 1915(b) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." (Emphasis added.)

Under the PLRA, a prisoner is not entitled to commence an action or file an appeal without prepayment in some form (§ 1915(b)(2)), a privilege afforded to nonprisoners under § 1915(a)(1). In Haynes v. Scott, ---- F.3d ----, ---- (5th Cir. 1997), we recently held that the affidavit-of-assets provision of the PLRA applies to both prisoners and nonprisoners, but the bank-account provision only applies to prisoners. Id. at ----. In that case, Haynes was a nonprisoner and so we declined to impose on him the filing-fee requirement of the PLRA. Id. at ----.

We have yet to directly address the question of whether the PLRA's prepayment obligation applies to prisoners who filed a notice of appeal and have subsequently been released. We provided a partial answer to this question in Strickland v. Rankin County Correctional Facility, 105 F.3d 972 (5th Cir. 1997), where we concluded that the filing-fee provision of the PLRA is triggered "upon the completion of a specific event, here the filing of an appeal." Id. at 974. Based on the plain language of § 1915(b)(1), our decision in Strickland, and our desire to put some teeth into the PLRA's front-end deterrent, we hold that the § 1915 filing-fee requirement applies to Gay because he "file[d] an appeal" while he was a prisoner. That Gay was released from prison after he filed his notice of appeal

3

is irrelevant. We join the Seventh Circuit in so concluding. See Robbins v. Switzer, 104 F.3d 895, 897-98 (7th Cir. 1997).[3]

Accordingly, we REMAND this case to the district court for an assessment of § 1915 fees. See Jeffrey v. Walker, --- F.3d --- (5th Cir. 1997); Morgan v. Haro, 112 F.3d 788 (5th Cir. 1997).

---

[3]The Second Circuit in McGann v. Commissioner, Social Sec. Admin., 96 F.3d 28 (2d Cir. 1996) has come to a different conclusion, holding that "[a] released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners." Id. at 30. The Second Circuit based its conclusion on its view that "the PLRA could be construed to mean that the required partial fee payments are to be made only while the prisoner remains in prison . . . ." Id. (emphasis added). The Sixth Circuit has followed McGann. See In re Prison Litigation Reform Act, 105 F.3d 1131, 1138 (6th Cir. 1997). However, we find no support in the plain language of the PLRA to support this construction of the filing-fee provision. Id. at 30-31 (Miner, J., dissenting) ("[O]ne who chooses to sue or appeal while incarcerated is responsible for the payment of the entire filing fee. Although the statute goes on to allow deductions from the prisoner's account in installments as one means of payment, . . it contains no provision to forgive the debt upon release from confinement.").