UNITED STATES of America

v.

Levon BAZEMORE.

No. CR 491–176.
No. CV 496–141.

United States District Court,
S.D. Georgia,
Savannah Division.

Aug. 11, 1997.

# 1476

Levon Bazemore, Talladega, AL, pro se.

Joseph D. Newman, Savannah, GA, for Defendant.

## *ORDER*

EDENFIELD, District Judge.

In *U.S. v. Bazemore*, 929 F.Supp. 1567 (S.D.Ga.1996), the Court denied defendant Levon Bazemore's 28 U.S.C. § 2255 motion and he appealed. In two post-appeal motions, Bazemore urges this Court to revisit his case, even though his appeal is still pending. He also seeks a refund of his $105 in appellate filing fees, contending that under *Anderson v. Singletary*, 111 F.3d 801, 806 (11th Cir.1997), such fees do not apply to habeas litigants.

## I. *BACKGROUND*

The Court previously ruled that Bazemore's § 2255 motion was time-barred under the 1996 Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *Bazemore*, 929 F.Supp. at 1570. Finding Bazemore's subsequent appeal to have been taken in good faith, *see* 28 U.S.C. § 1915(a)(3), the Court granted him leave to appeal in forma pauperis ("IFP"). Doc. # 851.[1]

However, the Court also ruled that, because Congress amended § 1915 under § 804 of the Prison Litigation Reform Act of 1995 ("PLRA"), Bazemore, who appealed after the PLRA's 4/26/96 effective date, had to pay the full $105 appellate filing fee. *See Haynes v. Scott*, 116 F.3d 137, 138 (5th Cir.1997) (amended § 1915 applies to prisoners' civil appeals pending on the PLRA's effective date); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486–87 (11th Cir.1997).

In other words, even though meeting § 1915's requirements in the past meant that an indigent litigant could appeal *gratis*, *see*

---

1. All record cites are to CR 491–176.

*Haynes,* 116 F.3d at 139, this Court read the PLRA as changing that by requiring an initial part payment, followed by adherence to § 1915(b)'s "payment-plan" for the rest. Hence, the Court placed Bazemore on that plan, *see* doc. # 851 at 3–6, but he opted to pay the entire filing fee outright. Doc. # 897 Exh. D.

At that time, Bazemore also moved for a Certificate of Probable Cause to Appeal, which the Court construed as an application for an AEDPA Certificate of Appealability ("COA"). Believing that F.R.App.P. 22(b) supplied it with no authority to act, the Court denied Bazemore's COA application. Doc. # 851 at 3–4. The Eleventh Circuit subsequently concluded otherwise and remanded for a COA determination. *See* doc. # 893 at 1 (implementing *Edwards v. U.S.,* 114 F.3d 1083, 1084–85 (11th Cir.1997)). In response, the Court granted Bazemore a COA on the statute of limitations issue. Doc. # 892 at 3.

By then, the Eleventh Circuit had also just ruled in *Anderson* "that the filing fee requirements of [the PLRA] ... do not apply in 28 U.S.C. § 2254 or 28 U.S.C. § 2255 proceedings." *Id.,* 111 F.3d at 806. Thus, the Court vacated its earlier opinion regarding the applicability of the PLRA to Bazemore's appellate filing fee. Doc. # 892 at 2–3.

In one of two 6/16/97 motions (doc. # 898), Bazemore now moves this Court to dismiss his prior COA request and accept his revised COA application. Because he is uncertain whether he is entitled to appeal his denied § 2255 motion on the merits, he has set forth substantive legal issues in an effort to obtain a "merits-based" COA from this Court. Doc. # 898 at 4–20.

In his other motion (doc. # 897), Bazemore—evidently unaware that this Court has already ruled on the COA after remand—argues that the Court should dismiss his appeal and reach his case on the merits because it erroneously applied the AEDPA's time bar to his claims. *Id.* at 4. In addition, he requests a refund of his $105 in light of *Anderson. Id.*

As discussed in detail below, Bazemore's motions must be denied to the extent they raise § 2255 issues. The Court also concludes that he is not entitled to a $105 refund.

## II. *ANALYSIS*

### A. 28 U.S.C. § 2255 Issues

■ As a preliminary matter, the Court acknowledges the U.S. Supreme Court's decision in *Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), which held that the AEDPA-amended 28 U.S.C. § 2254(d) standards do not apply to habeas petitions filed before the AEDPA's 4/24/96 effective date. Whether *Lindh* even affects Bazemore's case is doubtful, since he filed his § 2255 motion on 6/20/96, after the AEDPA's 4/24/96 effective date.

The Court has previously noted that the applicability of the AEDPA's (§ 2255's) statute of limitations to this case is debatable among jurists of reason. *See* doc. # 892 at 1; *see also U.S. v. Brown,* 117 F.3d 471, 479 n. 7 (11th Cir.1997) (discussing possible applicability of one-year statute of limitations to § 2255 motions in light of *Lindh* ). Nevertheless, the Court does not have jurisdiction to address the § 2255–based issues advanced in Bazemore's latest motions because his case is still on appeal. The recent limited remand was just that: a remand *limited* to the COA issue alone.

### B. The "$105–Refund"

■ In contrast, the Court can reach Bazemore's appellate-fee refund request, as that issue is not raised on appeal. It thus falls squarely within this Court's residual jurisdiction. *See Harmon v. U.S. Through FRA,* 101 F.3d 574, 587 (8th Cir.1996) (a notice of appeal divests the district court of jurisdiction over only those aspects of the case involved on appeal); *cf. Creations Unlimited, Inc. v. McCain,* 112 F.3d 814, 816–17 (5th Cir.1997) (district court has jurisdiction to rule on motion for ancillary attorney's fees, even after filing of notice of appeal with respect to underlying claims); *Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1065 n. 4 (6th Cir.) (district courts routinely decide COA applications after a prisoner files a

notice of appeal), *cert. denied*, —— U.S. ——, 117 S.Ct. 1724, 137 L.Ed.2d 845 (1997).

Bazemore's reliance upon *Anderson* raises a "formidable number of questions ... [arising from] the complex sequence of gatekeeper tasks created by [the PLRA]." *Newlin v. Helman*, 123 F.3d 429, 431 (7th Cir.1997). Those questions warrant a retracing of the analytical steps the *Anderson* panel took in reaching its result. Given the legal complexity and difficulty the PLRA has spawned, *see McGore v. Wrigglesworth*, 114 F.3d 601, 603 (6th Cir.1997), Bazemore's refund request is best examined within a pre– and post–*Anderson* time line:

(1) Pre-PLRA, all indigent litigants, including prisoners, generally could file or appeal a case *gratis* under § 1915, if done in good faith. *Haynes*, 116 F.3d at 139.

(2) The PLRA modified § 1915 to place prisoner litigants in a special category, in part by adding § 1915(b)(1), which orders them pay such fees, even if they are indigent, for all "civil actions." *McGore*, 114 F.3d at 604.

    (a) Penniless prisoners can still gain access to the courts, but they must pay the filing fee over time—even piecemeal— whenever financially able to do so. *See In re Smith*, 114 F.3d 1247, 1252 (D.C.Cir.1997) (§ 1915(b)(4) defers, but does not permanently excuse, payment of filing fees); *McGore*, 114 F.3d at 606 ("The payment is simply delayed until funds become available").

    (b) District courts thus direct that prison accounts be docked by the amounts set forth in § 1915(b). *See McGore*, 114 F.3d at 606–08; *Nicholas v. Tucker*, 114 F.3d 17, 19 (2nd Cir.1997).

(3) However, both before and after the PLRA, § 1915 never prescribed any fees.

(4) Instead, other statutes did that, see 28 U.S.C. §§ 1913 & 1917 (appellate filing fees); FRAP 3(e); 11th Cir IOP/FRAP3(e)(implementing $105 appellate filing and docket fees); *see also* § 1914 ($150 to start a civil case in district court, $5 for 28 U.S.C. § 2254 habeas), and continue to do that post-PLRA;

(5) Both before and after the PLRA, then, § 1915 has provided only a method by which indigents can cope with fee-*prescribing* statutes like §§ 1913 & 1917. In

other words, § 1915 is merely a fee-*processing* statute (under which fees can either be waived for non-prisoner litigants, or stretched out, via § 1915(b)'s "payment-plan," for prisoner litigants).

In *Anderson*, the appellate clerk instructed Anderson to pay the §§ 1913 & 1917 fees on appeal of his denied 28 U.S.C. § 2254 motion. *Anderson*, 111 F.3d at 802.

In response, Anderson filed a Motion to Determine Applicability of Docket and Filing Fees, in which he contended that "[h]abeas corpus cases are not covered by" *the PLRA* and, therefore, this court should find the "docket and filing fees inapplicable to him." We requested briefing and granted oral argument on the following issue: "Whether the fee provisions of 28 U.S.C. § 1915, as amended by the [PLRA], apply to habeas corpus cases."

*Id.* at 802 (footnote omitted; emphasis added; brackets original).

Because, in this context, the PLRA *is* § 1915 (indeed, the PLRA transformed § 1915), Anderson essentially argued that, because the fee-*processing* statute did not apply to him, he somehow was excused from the application of fee-*prescription* statutes like §§ 1913 & 1917. The *Anderson* panel did not acknowledge the logical inconsistency of this contention: how can § 1915, a fee-*processing* statute, possibly be used to render fee-*prescription* statutes inapplicable to a habeas appellant? Instead, the Eleventh Circuit implicitly re-framed the issue as: does the "payment-plan" aspect of § 1915 apply to habeas cases brought by prisoners?

Having sketched its own blueprint, the *Anderson* panel launched into a fairly comprehensive analysis of the PLRA-amended § 1915, examined the special nature of habeas petitions, and then held that "the PLRA" (and thus § 1915) does not apply to habeas litigants. *See Anderson*, 111 F.3d at 806 ("we hold that the filing fee requirements of section 804(a) of the PLRA do not apply in 28 U.S.C. § 2254 or 28 U.S.C. § 2255 proceedings"). In so doing, the court never answered the question Anderson presented, i.e., whether the " 'docket and filing fees [in fact were] inapplicable to him.' " *Id.* at 802. (The answer, of course, is obvious: nothing in

the PLRA states that a prisoner is exempted from payment of any docket and filing fees).

Because the panel neither elaborated on what its holding entailed, nor directly addressed the actual issue presented, there are now several plausible interpretations of *Anderson:*

1. The *Anderson* panel agreed with Anderson that the "docket and filing fees [in fact were] inapplicable to him," so habeas litigants are now exempt from docket and filing fees. This is Bazemore's position.

2. A diametrically opposite reading also is possible. Because the PLRA—which reformulated and thus in effect *is* § 1915, *see Walp v. Scott,* 115 F.3d 308 n. 1 (5th Cir.1997)—does not apply to habeas cases, *Anderson,* 111 F.3d at 806, that necessarily includes § 1915(a)(1), another PLRA-amended provision [2] which otherwise authorizes new cases or appeals to proceed *gratis.* Hence, habeas petitioners no longer may invoke § 1915(a)(1)'s *"gratis"* option, or even § 1915(b)'s "payment plan" provision, to mitigate the financial burden imposed by the fee-prescription statutes. This means that habeas litigants must now pay *all* docket and filing fees outright, irrespective of financial wherewithal.

A third interpretation—the one this Court finds most persuasive—arises from juxtaposing § 1915(a) with § 1915(b)(1). Section 1915(a)(1) provides in pertinent part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of *any* suit, action or proceeding, *civil or criminal,* or *appeal* therein, without prepayment of fees or security therefor, by a person who submits an affidavit [showing indigency]....

(a) (2) A prisoner seeking to bring a civil action or appeal a judgment in a *civil*

*action* or proceeding without prepayment of fees or security therefor, in addition to filing an affidavit under paragraph (1), shall submit [his prison account documentation evidencing his financial means] ...

(Emphasis added). Thus, § 1915(a)(1) authorizes a court to grant an indigent person leave to proceed without paying filing fees in a civil or criminal action or appeal, but if the litigant is a prisoner, he is subject to § 1915(a)(2) and § 1915(b) ("if a prisoner brings a *civil action* or files an appeal [IFP], the prisoner shall be required to pay" via the "payment-plan") (emphasis added). *See Haynes,* 116 F.3d at 139–40.

Despite the Eleventh Circuit's prior characterization of habeas petitions as a "civil proceeding," *see Anderson,* 111 F.3d at 804, *Anderson* held that a habeas proceeding in fact is not a "civil action" within the meaning of § 1915(b). *Id.,* at 805–06. So, even though inmate *Anderson* was a prisoner, he did not "really" bring a "civil action," and that spared him from the application of §§ 1915(a)(2) & (b) "must-pay" provisions.

Still, the *Anderson* court failed to state precisely what all this means. Can an inmate like Anderson apply for IFP status under § 1915(a)(1) like non-prisoner litigants, and then avoid the §§ 1915(a)(2) & (b) "must-pay" provisions, since he has not appealed a "civil action" within the meaning of § 1915(a)(2) & (b)? This seems to be the most logical result of *Anderson,* though it would have assisted district courts immeasurably if the panel had plainly said so.

While other circuits have concurred with *Anderson*'s approach, they have introduced no additional clarity into the mix. In *Martin v. Bissonette,* 118 F.3d 871 (1st Cir.1997), another § 2254 appellant

**2.** PLRA § 804(a) made the following changes to § 1915(a) (1994):

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without payment of fees and costs or security therefor, by a person who ~~makes affidavit~~ submits an affidavit includes a statement of all assets such prisoner possesses that ~~he~~ the person is unable to pay such ~~costs~~ fees

or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and the affiant's belief that ~~he~~ the person is entitled to redress.

The Fifth and Sixth circuits, incidentally, have concluded that the word "prisoner," as used in the phrase "all assets such prisoner possesses," is nothing more than a Congressional "oversight." *Haynes,* 116 F.3d at 139–40 (citing *Floyd v. U.S. Postal Service,* 105 F.3d 274, 276 (6th Cir.1997)).

did not pay a filing fee to the district court and ha[d] not paid *any other fees* associated with the maintenance of his suit. Thus, the threshold question [was] whether the PLRA applies to habeas petitions brought in federal court by state prisoners.

*Id.* at 874 (footnote omitted; emphasis added); *see also id.* at 875–76, n. 2 (noting that Martin had filed no IFP motion but appeared eligible). Citing *Anderson* and similar cases, *id.* at 874–75, the First Circuit concluded that "[s]ince the PLRA does not apply in the habeas context, Martin's [habeas petition] was properly before the district court notwithstanding his failure to pay a filing fee." *Id.* at 876. The court did not explicitly note, but strongly implied, that Martin was relieved of paying the appellate docket and filing fees as well. *Id.*

■ Therefore, the *Martin* court also appears to have held that, since the PLRA does not apply to denied § 2254 or § 2255 motions, indigent habeas appellants may invoke § 1915(a)(1) without also being subjected to § 1915(a)(2) & (b). In other words, they can appeal gratis if they otherwise satisfy § 1915(a)(3)'s good-faith requirement. *See also Newlin,* 123 F.3d at 436 (§ 2254 & § 2255 proceedings are not § 1915(b) "civil actions"); *McIntosh v. U.S. Parole Com'n.,* 115 F.3d 809, 812 (10th Cir.1997) (28 U.S.C. § 2241 proceedings and appeals therefrom are not "civil actions" under § 1915(a)(2) and (b)); *In re Stone,* 118 F.3d 1032, 1034 (5th Cir.1997); *Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir.1997).

To summarize:

(a) A court may use § 1915(a)(1) to authorize an indigent habeas litigant, even a prisoner, to file an action or an appeal "without prepayment of fees or security therefor."

(b) "Habeas" cases, though in the past styled as "civil actions," nevertheless do not fit the plain meaning of § 1915(b)(1)'s command that all prisoners shall pay the filing fees in "a civil action or ... an appeal" therefrom.

(c) Therefore, with respect to habeas litigants who are prisoners, district courts should apply § 1915(a)(1)—as they would to non-prisoners—with an eye toward waiving filing fees if the prisoner otherwise satisfies that section's indigency requirement and § 1915(a)(3)'s "good faith" bar. Conversely, courts should not apply §§ 1915(a)(2) & (b) to such litigants.

In concluding that § 1915(a)(1) applies to imprisoned habeas litigants who seek IFP status, this Court is finding that at least part of section 804(a) of the PLRA *does* apply in 28 U.S.C. § 2254 or 28 U.S.C. § 2255 proceedings [3]—just not the part which amends § 1915 to subject indigent habeas litigants to the § 1915(b) "payment-plan." On the surface, this conclusion conflicts with the *Anderson* panel's holding "that the filing fee requirements of section 804(a) of the PLRA do not apply in 28 U.S.C. § 2254 or 28 U.S.C. § 2255 proceedings." *Anderson,* 111 F.3d at 806. This Court believes, however, that the panel simply painted with too broad a brush, and that it must have intended the above construction (i.e., § 1915(a)(1) applies to habeas cases, but not §§ 1915(a)(2) & (b)).

■ Accordingly, this Court will henceforth collect and assess all docket and filing fees from habeas appellants and evaluate their IFP motions only under § 1915(a)(1). *See Newlin,* 123 F.3d at 434 (district courts must "perform all assessment-and-collection tasks under the PLRA"). Even so, those motions shall be subject to the "good faith" limitation imposed by § 1915(a)(3), as well as the dismissal criteria set forth in § 1915(e)(2), but not the "three-strikes" limit contained in § 1915(g). *See id.* at 436.

■ Not surprisingly, *Anderson* provided no standards for guiding district courts in making an indigency determination in this context. Presumably, the pre-PLRA practice of evaluating financial wherewithal should be followed, so that judgment calls will be made on a case-by-case basis.

Here, it cannot be said that Bazemore, whose daily subsistence needs are provided by the taxpayers, is indigent. Indeed, his IFP affidavit shows $62 in his account, a

---

**3.** Section 804(a) of the PLRA amended both § 1915(a) as well as § 1915(b). *See* 4 U.S.Code Cong. & Admin. News, P.L.104–134, 110 Stat. 1321 at [185]—[188] (June 1996). *See also supra* note 2; *Walp,* 115 F.3d at 308 n. 1.

$238.83 six-month average balance, and $80/ month in prison wages. *See* doc. # 843 (attachment).[4] And, it cannot go unnoticed that he quickly paid the full $105 fee outright, despite this Court's having accorded him the *option of* invoking § 1915(b)'s "payment plan." *See* doc. # 851 at 4–6; # 897 Exh. D. Finally, Bazemore makes no showing of indigency in his "refund" motion; rather, he demands his money back because *Anderson,* he reasonably believes, excuses all habeas litigants from any fees.

## III. CONCLUSION

Defendant Levon Bazemore's 6/16/97 motions (doc. ## 897–98) are **DENIED.** However, he is entitled to appeal the instant ruling, and arguably move for appellate relief under F.R.App.P. 24(a) para. 3. *See Newlin,* 123 F.3d at 432. In that these latest motions

form proceedings supplemental to his appeal, the Clerk is directed, upon receipt of any timely filed Notice of Appeal and/or F.R.App.P. 24(a) motion, to compile and forward to the Eleventh Circuit, a supplemental record consisting of those motions, this Order, and the Notice of Appeal and/or F.R.App.P. 24(a) motion. Because Bazemore has already paid the $105 filing fee, such supplemental appeal—made under the same appellate docket number (i.e., 96–8977)— shall be without charge to him. *See Williamson,* 116 F.3d at 116. In the interim, the Clerk shall promptly notify the Eleventh Circuit that the instant motions have been resolved.

---

4. Bazemore filed his IFP affidavit on 8/19/96. His financial situation may have changed since then, but the Court must focus on his financial wherewithal as of the date (8/19/96, doc. # 842) on which he filed his notice of appeal. *See Gay v. Texas DOC,* 117 F.3d 240 (5th Cir.1997); *Williams v. Roberts,* 116 F.3d 1126, 1127 (5th Cir. 1997).