IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41496
Conference Calendar
_____

DONNIE MACK SELLERS,

                                        Plaintiff-Appellant,

versus

STATE OF TEXAS; JOHN CORNYN; WAYNE SCOTT, Director, Texas
Department of Criminal Justice, Institutional Division;
ROBERT KOENIG; JACKIE EDWARDS; LUMPKINS; JAMES WHEELER;
BURNS; REVIS; ARMSTRONG; TAYLOR; JOE DOE; JAN DOE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-99-CV-503
--------------------
June 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:*

    Donnie Mack Sellers, Texas inmate #857076, appeals the
dismissal, without prejudice, of his civil rights suit because he
failed to comply with the court's order to authorize withdrawals
of funds from his prison trust fund account for payment of the
filing fee.  See FED. R. CIV. P. 41(b).

    We have carefully reviewed Sellers' arguments and the
appellate record.  The established TDCJ procedures for prisoner

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

compliance with the fee-payment provisions of the PLRA require a prisoner-plaintiff to sign two documents, one authorizing release to the federal court of the financial information concerning the prisoner's trust fund account and one authorizing withdrawals of money from the prisoner's trust fund account.  See Morrow v. Collins, 111 F.3d 374, 375-76 (5th Cir. 1997).  Sellers contends that he complied with the order to authorize withdrawals from his prison trust account and that his compliance is evidenced by the signed form in the appellate record.  The document that Sellers signed authorized release of financial information.  The document did not authorize withdrawal of funds.  It appears that Sellers signed the wrong form.

Because Sellers has yet to authorize withdrawal of funds for the payment of the filing fee for his complaint, the district court did not abuse its discretion in dismissing, without prejudice, the complaint pursuant to Rule 41(b).  See McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

AFFIRMED.