United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10849

WILLIAM NATHAN FARLEY

Plaintiff - Appellant

v.

T SIMPSON, Warden; NATHANIEL QUARTERMAN, Director State Jail
Division; UNIVERSITY OF TEXAS MEDICAL BRANCH

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas, Dallas
No. 3:04-cv-00585

Before KING, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

William Farley, a former Texas state prisoner proceeding pro se, has filed a motion with this court for leave to proceed in forma pauperis ("IFP") to appeal the district court's dismissal of his 42 U.S.C. § 1983 action, which alleged various violations of his constitutional rights while he was incarcerated in the Texas Department of Criminal Justice Hutchins State Jail facility. By moving in this court to proceed IFP on appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Farley challenges the district court's certification that his appeal was not taken in good faith because his appeal is frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989). If the appeal is frivolous, this court may dismiss it sua sponte under 5th CIR. R. 42.2. Baugh, 117 F.3d at 202 n.24.

Farley contends that the district court erred in dismissing his claim for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). However, the record shows that Farley did not exhaust his administrative remedies before filing his lawsuit in the district court as is required by the Prison Litigation Reform Act.[1] 42 U.S.C. § 1997e(a); Ferrington v. La. Dep't of Corr., 315 F.3d 529, 531 (5th Cir. 2002). Farley does not challenge the district court's dismissal on this ground beyond his conclusory statement that he "did in fact exhaust his administrative remedies." Therefore, because his appeal involves

_____

[1] Although Farley was released from prison after he filed his appeal, the fee filing requirements of the Prison Litigation Reform Act nevertheless apply because he filed his appeal while he was in prison. See Gay v. Texas Dep't. of Corr., 117 F.3d 240, 241 (5th Cir. 1997).

-2-

no "legal points arguable on their merits," we DENY him IFP status and DISMISS his appeal. 5th CIR. R. 42.2; <u>Baugh</u>, 117 F.3d at 202 n.24.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.