# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-11144
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2014

Lyle W. Cayce
Clerk

THOMAS ANTHONY-EL,

Plaintiff-Appellant

v.

BANK OF AMERICA; COUNTRYWIDE; US BANK NATIONAL ASSOCIATION, as trustee for the certificateholders of Citigroup Mortgage Loan Trust Inc., Mortgage pass-through certificates, series 2007-AR7; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, 100034200057569950; RECON TRUST COMPANY N.A.; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.; LAUREN CHRISTOFFEL; KEIA ANDERSON,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-144

Before DAVIS, OWEN and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thomas Anthony-El has filed a motion for leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action.  A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal presents a nonfrivolous issue.  28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The financial requirement of poverty to qualify for IFP status does not require absolute destitution.  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  The question is whether the movant can afford the costs of litigation without undue hardship or deprivation of life's necessities.  *Id.* at 339-40.  To make this showing, Anthony-El must file an affidavit listing his assets as required by § 1915(a)(1).  *See Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997).  Based on the limited information provided, Anthony-El has not made the financial showing required to proceed IFP on appeal.

Additionally, Anthony-El has failed to demonstrate that his appeal presents a nonfrivolous issue.  *See Carson*, 689 F.2d at 568.  A movant shows that he has a nonfrivolous issue for appeal by demonstrating that the "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (internal quotation marks and citation omitted).  Although this court liberally construes the briefs of pro se litigants, arguments must be briefed in order to be preserved.  FED. R. APP. P. 28(a)(8); *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).  Even when his brief is liberally construed, Anthony-El has failed to identify any error in the district court's basis for dismissing his complaint.  Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED AS FRIVOLOUS.  *See Carson*, 689 F.2d at 586; 5TH CIR. R. 42.2.