# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10319

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2016

Lyle W. Cayce
Clerk

ETHAN TODD STEWART,

Plaintiff-Appellant

v.

STATE OF TEXAS,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-449

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ethan Todd Stewart moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his petition for a writ of mandamus, through which he sought to compel Texas state courts to provide a written opinion on his constitutional challenge to the Texas Civil Commitment of Sexually Violent Predators Act (the Act), TEX. HEALTH & SAFETY CODE §§ 841.001 through 841.151.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10319

By moving to proceed IFP, Stewart is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Stewart has also filed two motions for leave to file a supplemental brief in support of his IFP motion. We grant both of those motions. Stewart does not brief any argument challenging the district court's denial of a writ of mandamus on the ground that federal courts lack the authority to issue writs of mandamus to direct state courts or state judicial officers in the performance of their duties. Stewart has thus waived any such argument and has failed to show that a nonfrivolous issue exists as to the district court's denial of his petition for a writ of mandamus.

Instead of contesting the district court's reasons for denying a writ of mandamus, Stewart raises several constitutional challenges to the Act, including claims that the Act violates *Heck v. Humphrey*, 512 U.S. 477 (1994); *Cummings v. Missouri*, 71 U.S. 277 (1866); the Double Jeopardy Clause; the Sixth, Eighth, and Ninth Amendments; the constitutional protections against bills of attainder and ex post facto laws; and his substantive due process, equal protection, and procedural due process rights. To the extent Stewart's arguments are raised for the first time here, they are not considered. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

In any event, none of his arguments presents a nonfrivolous issue for appeal because the claims he raises here fall within the ambit of the habeas corpus procedures under 28 U.S.C. § 2254. *See Chancery Clerk v. Wallace*, 646 F.2d 151, 155-58 (5th Cir. Unit A Mar. 1981). Given Stewart's prior § 2254

2

application challenging his civil commitment, Stewart's instant challenges to the Act present unauthorized second or successive § 2254 claims. *See* 28 U.S.C. § 2244(b)(3)(A). Stewart has not demonstrated that a nonfrivolous issue for appeal exists as to the district court's judgment in this case. *See Howard*, 707 F.2d at 220.

Accordingly, his motion to proceed IFP on appeal is denied. *See Howard*, 707 F.2d at 220. This appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Stewart's two motions to supplement the record are denied. Stewart's petition for a hearing en banc is also denied, as it does not comply with this court's rules governing the form of requests for en banc consideration. *See* 5TH CIR. R. 35.2.

We note that the district court's order denying leave to appeal IFP contains an error in that it considers Stewart to be a "prisoner" for purposes of the Prison Litigation Reform Act (PLRA). As an individual under a civil commitment pursuant to the Act, Stewart does not qualify as a prisoner under the PLRA. *See* 28 U.S.C. § 1915(h); 28 U.S.C. § 1915A(c); *Bohannan v. Doe*, 527 F. App'x 283, 289-90 (5th Cir. 2013). Thus, he is not required under *Baugh* to pay the full appellate filing fees and costs in installments upon his filing of an IFP motion in this court. *See Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997). This case is therefore remanded to the district court for the limited purpose of correcting its order denying leave to appeal IFP, in order to account for Stewart's status as an individual who is not a prisoner under the PLRA.

APPEAL DISMISSED; IFP MOTION DENIED; MOTIONS TO FILE SUPPLEMENTAL BRIEF GRANTED; MOTIONS TO SUPPLEMENT THE RECORD DENIED; PETITION FOR HEARING EN BANC DENIED; CASE REMANDED FOR THE LIMITED PURPOSE OF CORRECTING ORDER DENYING LEAVE TO PROCEED IFP ON APPEAL.