# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2022

Lyle W. Cayce
Clerk

No. 21-50934
Summary Calendar

RAUL NIETO,

*Plaintiff—Appellant*,

*versus*

RICHARD DURBIN, *U.S. Attorney*; RUSSELL DEWITT LEACHMAN, *Assistant U.S. Attorney*; ATF AGENT, ASSIGNED CASE AGENT; DHS AGENT, ASSIGNED CASE AGENT (OFFICE OF DEPARTMENT OF HOMELAND SECURITY),

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-599

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Raul Nieto, federal prisoner # 94055-279, moves for leave to proceed in forma pauperis (IFP) on appeal. Proceeding pro se, Nieto filed this

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

prisoner civil rights complaint, which is construed as an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because the defendants are federal officials. Nieto named as defendants U.S. Attorney Richard Durbin, Assistant U.S. Attorney Russell DeWitt Leachman, the ATF Agent who arrested him, and the DHS agent involved in his arrest, and he alleged that the defendants had maliciously prosecuted and arrested him for a crime for which he was actually innocent. His complaint stated that his present place of confinement was the Cross Point Halfway House.

The district court dismissed Nieto's complaint with prejudice for failure to state a nonfrivolous claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1). The district court determined that because Nieto was suing the defendants for monetary damages for wrongful prosecution and imprisonment, and because a judgment in his favor would call into question his criminal conviction, his complaint was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The district court also concluded that Nieto's claims were barred by Texas's two-year statute of limitations. The district court denied Nieto's motion to proceed IFP on appeal, certifying that his appeal was not taken in good faith pursuant to § 1915(a)(3) and FED. R. APP. P. 24(a)(3).

By moving to proceed IFP, Nieto is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Nieto does not address the district court's conclusion that his claims are barred by *Heck* and the statute of limitations. He has not briefed any arguments challenging the district court's reasons for dismissing his complaint or the decertification decision. Even though this court liberally construes pro se filings, a pro se party "must still brief the issues and reasonably comply with the standards of [Federal] Rule [of Appellate Procedure] 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Nieto has failed to challenge any legal aspect of the district court's disposition of his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal. *Id.* Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Nieto's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We hereby inform Nieto that the dismissal of his complaint as frivolous by the district court counts as a strike for purposes of § 1915(g) because he was incarcerated in a halfway house when he filed his complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); *Gay v. Texas Department of Corrections*, 117 F.3d 240, 241-42 (5th Cir. 1997). The dismissal of this appeal as frivolous does not count as a strike for purposes of § 1915(g) because it appears that Nieto was no longer incarcerated when he filed his notice of appeal. *See Gay*, 117 F.3d at 241-42. We caution Nieto that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

No. 21-50934

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.