Kenneth R. PAGE, Plaintiff,

v.

Paul KIRBY; William S. Haines; Clinton W. Semmler; Steve Racick; Aramark Food Service; Roy White; Correctional Medical Services, Inc. (CMS); Jerry Haney, Associate Warden-transportation; and Terry Kyle, Institutional Magistrate, individually and in their official capacity, Defendants.

No. CIV.A. 2:00CV28.

United States District Court,
N.D. West Virginia.

March 10, 2004.

Pro Se, Kenneth R. Page, Inwood, WV, for Plaintiff or Petitioner.

## DISMISSAL ORDER

MAXWELL, District Judge.

It will be remembered that on June 18, 1999, thirty-six (36) inmates incarcerated

at the Huttonsville Correctional Center [HCC], proceeding *pro se,* filed a Complaint in Civil Action No. 2:99CV49 attempting to state a class action for the alleged violations of their Constitutional rights as a result of the conditions of confinement at the Huttonsville Correctional Center. By Order entered on July 9, 1999, the Court declined to certify Civil Action No. 2:99CV49 as a class action under Rule 23, Federal Rules of Civil Procedure and directed the Clerk of Court to open a separate civil file for each of the thirty-six potential lawsuits. Thereafter, the Clerk of Court received a document styled "Plaintiff's Amended Motion of Complaint" in which the thirty-six named Plaintiffs in Civil Action No. 2:99CV49 sought to amend their previously filed Complaint to name nine (9) additional Plaintiffs, including Kenneth Page, to name two (2) additional Defendants and to add six (6) additional allegations. By Order entered on April 5, 2000, the Court denied the Amended Motion of Complaint in Civil Action Number 2:99CV49 and directed the Clerk of Court to: (1) open nine civil files for the additional plaintiffs, including Kenneth Page; (2) send the additional nine plaintiffs pre-printed civil rights forms for completion; and (3) send the additional nine Plaintiffs pre-printed forms for resubmission to the Court of an updated Application for Leave to Proceed Without Prepayment of Fees and an updated Prisoner Trust Fund Account Report.

Pursuant to the Court's April 5, 2000 Order in Civil Action No. 2:99CV49, the above-styled civil action was created with regard to Plaintiff Kenneth Page. On May 2, 2000, Plaintiff filed a pre-printed complaint form, along with 13 typewritten pages seeking compensatory, punitive and nominal damages and injunctive and declaratory relief pursuant to 42 U.S.C. §§ 1983 and 1988.

Effective April 26, 1996, with the passage of the Prison Litigation Reform Act, a district court shall dismiss an action brought by a prisoner if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. Having thoroughly reviewed the allegations of Plaintiff's complaint, the Court concludes that the mandate of the Prison Litigation Reform Act compels dismissal of this action inasmuch as it fails to state a claim upon which relief can be granted.

Plaintiff alleges that from "April 28 to August 20, 1999" HCC was overcrowded which "threatens the physical, mental and social deterioration of its inmates"; the bed facilities at HCC are "unsanitary and degrading," i.e., the mattresses are stained, torn, worn, uncomfortable and not cleaned between inmates; the ventilation and heating are inadequate; there are broken windows and missing screens; there are an insufficient number of chairs and tables in the dayroom and TV room; HCC is not in compliance with the State Fire Code; fire hazards exist; the plumbing is old and leaking; rats, mice, cockroaches, and flies are observed in the dormitories and other areas; the health care at HCC in inadequate; inmates in segregation are not allowed visitations; the inmates in segregation must eat all of their meals in their cells near a commode; the inmates in segregation must sleep with vermin; the commodes in segregation overflow and do not flush properly; and the kitchen and cafeteria are "debasing and unsanitary" and the nutrition is inadequate.

Further, in the April 5, 2000 Amended Complaint the following conditions were alleged: the water is unsanitary; the Institutional Magistrate is biased against in-

mates; certain inmates are blackballed regarding transfers; HCC does not follow the classification guidelines of the West Virginia Department of Corrections; state law allowing the administration to open, read and copy the mail of inmates is unconstitutional; and HCC denies indigent inmates free writing material such as paper, pen, envelopes and stamps.

Plaintiff also filed an Application to Proceed Without Prepayment of Fees along with an unsigned Prisoner Trust Account Report which indicated that he had a zero account balance. However, Plaintiff failed to provide supporting ledger sheets. By Order entered on April 22, 2003, the Court ordered Plaintiff to either pay the $150.00 filing fee or file an updated Application For Leave to Proceed Without Prepayment of Fees and an updated Prisoner Trust Account Report. On May 5, 2003, Plaintiff filed an Updated Application for Leave to Proceed Without Prepayment of Fees in which he indicates that he receives $524.00 per month from Social Security, and that he has no checking or savings accounts, and that he owns one automobile worth $200.00. He further advised the Court that he is no longer in custody.

■ If a prisoner is released before the filing fee is paid, the Court must examine the released prisoner's *in forma pauperis* status as it would any other indigent nonprisoner plaintiff. *DeBlasio v. Gilmore*, 315 F.3d 396 (4th Cir.2003). Based on the information Plaintiff has provided, the Court GRANTS Plaintiff's Application to Proceed Without Prepayment of Fees. Further, because Plaintiff is no longer incarcerated the filing fee provisions of 28 U.S.C. § 1915 no longer apply to him, and he is not responsible for payment of the $150.00 filing fee.

■ Further, Plaintiff's request for injunctive and declaratory relief is moot as he has been released from prison. *See Williams v. Griffin*, 952 F.2d 820 (4th Cir.1991); *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir.1977). Once the inmate is released "there is no longer '... a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Owens*, 561 F.2d at 562.

Plaintiff also seeks compensatory damages from Defendants Kirby, Haines, Semmler, White and Racick for "emotional and psychological deterioration as a result of the defendants actions and violations of the plaintiff's Constitutional rights, to be free from cruel and unusual punishment" and from Defendants Aramark Food Service ["Aramark"] and CMS for the violations of the Plaintiff's constitutional rights to be free from cruel and unusual punishment. Plaintiff also seeks punitive against Defendants Haines, Semmler, White and Racick, and nominal damages against Defendants Kirby, CMS, and Aramark.

■ Pursuant to 42 U.S.C. § 1997e(e) "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir.2003)( § 1997e(e) precludes recovery for emotional and mental injuries arising from conditions of confinement without a physical injury); *see also, Counts v. Newhart*, 951 F.Supp. 579 (E.D.Va.1996)(eighth amendment claims of overcrowding and inadequate medical treatment without evidence of injury could be dismissed at the outset under § 1997e(e)). Consequently, Plaintiff is not entitled to compensatory against Defendants Kirby, Haines, Semmler, White, and Racick. Further, as discussed below, Plaintiff is not entitled to compensatory damages against Aramark and

CMS because he has failed to state a claim against them.

With regard to Plaintiff's request for punitive damages against Defendants Haines, Semmler, White and Racick, the Court recognizes that some circuits have determined that § 1999e(e) does not preclude recovery of punitive damages. However, where the punitive damages are for emotional or mental injuries, such is precluded by § 1997e(e). *See Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir.2000); *Davis v. District of Columbia*, 158 F.3d 1342 (D.C.Cir.1998). Consequently, Plaintiff's request for punitive damages are barred.

With regard to Plaintiff's request for nominal damages against Defendants Kirby, Aramark, and CMS, such does not appear to be precluded by 42 U.S.C. § 1997(e). The Second, Third, Seventh, Ninth, Tenth and Eleventh Circuits have determined that § 1997e(e) does not preclude a prisoner from seeking nominal damages. *See Hughes v. Lott*, 350 F.3d 1157 (11th Cir.2003), *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir.2003); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir.2002); *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir.2002); *Searles v. Van Bebber*, 251 F.3d 869, 878–79 (10th Cir.2001); *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir.2000).

■ Nonetheless, Plaintiff has failed to state a claim against Defendant Kirby because he seeks to hold Defendant Kirby liable on the basis of *respondeat superior.* In order to establish personal liability against a defendant in a § 1983 action, the defendant must be personally involved in the alleged wrong(s); liability cannot be predicated solely under *respondeat superior.* *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Vinnedge v. Gibbs*,

550 F.2d 926, 928 (4th Cir.1977). Thus, Plaintiff has failed to state a claim against Defendant Kirby.

■ With regard to Aramark and CMS, Plaintiff made no specific allegations against them. Instead, Plaintiff made generalized allegations regarding the food quality, food preparation and eating area, and medical care. It appears Plaintiff seeks to hold CMS and Aramark, private corporations, liable under a theory of *respondeat superior.* However, *respondeat superior* does not apply to private corporations in a § 1983 action. *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982). According to the Fourth Circuit Court of Appeals, "a private corporation [which is a state actor] is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir.1999).[1]

■ Plaintiff does not allege that his constitutional rights were denied because of a policy or custom of Aramark and CMS. Thus, Plaintiff has failed to state a claim against Aramark or CMS.

With regard to Defendants Haney and Kyle, Plaintiff does not state what relief he seeks from them. In fact, when he filed his complaint on May 16, 2000, he did not even mention Defendants Haney and Kyle. However, because these two defendants were added in the amended complaint which was filed when this case was opened for this plaintiff, the Court has considered them as defendants.

A complaint must set forth "a short and plain statement of claims [s]," and "a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). When a

---

**1.** A private entity which contracts with the state to provide medical services acts "under color of state law." *West v. Atkins*, 487 U.S. 42, 54, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." *Humphreys v. Renner*, 1996 WL 88804 (N.D.Cal., February 26, 1996), *following FCC v. Pacifica Foundation*, 438 U.S. 726, 735, 98 S.Ct. 3026, 57 L.Ed.2d 1073 (1978)("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Herb v. Pitcairn*, 324 U.S. 117, 126, 65 S.Ct. 459, 89 L.Ed. 789 (1945)("We are not permitted to render an advisory opinion[.]"); [2] *Neitzke v. Williams*, 490 U.S. 319, 322–330, 109 S.Ct. 1827, 104 L.Ed.2d 338 (*held:* although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint, petition, or pleading may be dismissed); and *Kelly v. Municipal Courts of Marion County, Indiana* 97 F.3d 902, 910 (7th Cir.1996)(merits of claims need not be addressed when damages were not requested and requested relief is moot.)

Accordingly, it is

**ORDERED** that Plaintiff's Application to Proceed Without Prepayment of Fees is GRANTED. It is further

**ORDERED** that the complaint against the defendants should be dismissed for failure to state a claim.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

---

**2.** Other portions of the decision in *Herb v. Pitcairn* have been superannuated by later case law. *See Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).