**Curtis E. CRAWFORD, Plaintiff,**

v.

**John DOE, et al., Defendants.**

**No. 2:07cv180.**

United States District Court,
E.D. Virginia,
Norfolk Division.

April 24, 2007.

Curtis E. Crawford, Washington, DC, Pro se.

### ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff, a former federal inmate, brings this *pro se* action, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 1346, for compensatory damages. Plaintiff claims he asked a correctional officer to copy a document that plaintiff intended to file in the United States Supreme Court. The correctional officer asked an inmate, who worked for the Unit Manager, to copy the document. The inmate shredded the document. Plaintiff demands $15,000,000.00.

On July 14, 2006, plaintiff submitted this action to the United States District Court for the Southern District of West Virginia. By order entered March 27, 2007, that court transferred this action to the United States District Court for the Eastern District of Virginia, Richmond Division. By order entered April 13, 2007, this action was transferred to this court.

On July 24, 2006, plaintiff filed a request to proceed *in forma pauperis.* Plaintiff's

motion to proceed *in forma pauperis* was not ruled on by the prior courts. Thus, this court will consider plaintiff's motion. Title 28 U.S.C. § 1915(g), known as the three (3) "strikes" rule, prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under § 1915 if "the prisoner has, on three (3) or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm."

Plaintiff has had numerous actions dismissed on the grounds that they are frivolous. In this court alone, plaintiff's complaints in Action Number 2:95cv605, Action Number 2:96cv663, and Action Number 2:04cv218 were dismissed for frivolousness.[1] In addition, plaintiff's current complaint does not allege a situation that would place him in imminent danger of serious physical harm.

This action presents a unique situation. Plaintiff filed this action and his motion to proceed *in forma pauperis* in the wrong court. This action was transferred twice prior to arriving in this court, where plaintiff had filed his three (3) prior frivolous actions. During the nine (9) months that this action was pending in other courts, plaintiff was released from incarceration. Thus, the court must determine whether plaintiff, who is no longer a prisoner, is still subject to § 1915(g), which only applies to prisoners.

Given the unusual circumstances leading to this situation, it is not surprising that no circuit court has addressed the issue of whether an inmate who files an action while incarcerated, but is released prior to the court ruling on a motion to proceed *in forma pauperis,* is still subject to § 1915(g).[2] Had plaintiff filed his complaint in this court, the determination that he had three (3) previous cases dismissed as frivolous would have been made quickly and he would have been ordered to pay the full filing fee long before he was released from incarceration, and thus, whether plaintiff is subject to § 1915(g) would not have been an issue.

The Court of Appeals for the Fourth Circuit determined that an inmate who is released during the pendency of his action is not subject to § 1915(b)(2), which requires that prisoners continue making installment payments after they have paid the initial fee. *Deblasio v. Gilmore,* 315 F.3d 396, 399 (4th Cir.2003). However, the Fourth Circuit based this decision on the fact that, once a prisoner is released, there is no mechanism for deducting payments from prisoner's inmate account, which is the sole mechanism authorized by the statute. That concern is not present in this case. Section 1915(g) merely prohibits a prisoner plaintiff from proceeding *in forma pauperis* after three (3) or more cases filed by that prisoner are dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physi-

---

1. Plaintiff is clearly a contumacious litigator. A search of the U.S. Party/Case Index ("PACER") electronic data system reveals that plaintiff has filed over one hundred (100) cases in various courts. Plaintiff has at least two (2) more "strikes." Action Number 1:00cv48, in the United States District Court for the District of Columbia and Action Number 5:06cv453, in the United States District Court for the Southern District of West Virginia, were dismissed for failure to state a claim.

2. The only court that has squarely addressed such a situation ruled that the plaintiff was still subject to § 1915(g). *Mack v. Texas Dep't of Criminal Justice,* 2006 U.S. Dist. LEXIS 15739 (N.D.Tex.2006)(unpublished opinion).

cal harm. The Seventh Circuit has held that the obligation to pay the filing fee pursuant to § 1915(g) arises at the time of filing. *Abdul–Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir.1996)(finding that the plaintiff had filed his appeal after he was released from incarceration, and thus, was not barred from proceeding *in forma pauperis* ). As plaintiff was subject to the prohibition of § 1915(g) when he filed this action, and the only reason that plaintiff was not immediately ordered to pay the full filing fee was the fact that he filed this action in the wrong court, there is no reason why plaintiff's release would obviate his obligation to pay the statutory filing fee. Therefore, the court **FINDS** that plaintiff continues to be subject to the prohibition of § 1915(g) for purposes of this action.

Accordingly, plaintiff's request to proceed *in forma pauperis* is **DENIED.** The filing fee at the time plaintiff filed this action is the same as the current filing fee. Therefore, if plaintiff wishes to proceed with this action, he is **DIRECTED** to submit the statutory filing fee of $350.00 within thirty (30) days from the date of this Order. Plaintiff is **ADVISED** that failure to submit payment of the filing fee within the thirty-day period will result in dismissal of this action.

The Clerk is **DIRECTED** to send a copy of this Order to plaintiff.

IT IS SO **ORDERED.**