**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VIRGIL DELAINEY CARSON,

Plaintiff - Appellant,

v.

TULSA POLICE DEPARTMENT;
MARK KENNEDY; STEVE HJELM;
PETE SILVA, JR.; LATISHA HARPER;
STEVE KUNZWEILER; D. KINARD; G.
HOGAN; DANA KUEHN; M.D.
RYDEN; M. HASSELBAR; TOM
GILLART,

Defendants - Appellees.

No. 07-5030

(N.D. Okla.)

(D.C. No. 07-CV-55-TCK-SAJ)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).

Virgil Carson, while a state inmate, filed a pro se civil rights complaint pursuant to

42 U.S.C. § 1983. The district court *sua sponte* dismissed the complaint for failure to

_____

[*] This order and judgment is not binding precedent except under the doctrines of
the law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state a claim pursuant to the Prison Litigation Reform Act, 28 U.S.C. 1915(e)(2)(B) ("PLRA").  Mr. Carson, who has since been released, appeals this dismissal and has additionally filed a motion for leave to proceed on appeal without prepayment of fees (or in forma pauperis ("IFP")) under the PLRA, § 1915(a).  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's dismissal and deny Mr. Carson's request for IFP.

## I. BACKGROUND

While a state court inmate, Mr. Carson filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, and a motion to proceed IFP pursuant to § 1915.  The district court directed Mr. Carson to file an amended motion to proceed IFP.  The district court granted the amended motion February 19, 2007.  In this same order, the district court *sua sponte* dismissed Mr. Carson's complaint without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Mr. Carson filed a notice of appeal on February 28, 2007.  Before us, Mr. Carson appeals the district court's dismissal of his § 1983 complaint.  He was released from prison on April 4, 2007.  On July 5, 2007, he filed a Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees under the PLRA, meeting the condition imposed by the district court.

2

## II. DISCUSSION

### A. FAILURE TO STATE A CLAIM

On appeal, Mr. Carson first reiterates his Fourth, Fifth, and Fourteenth Amendment claims in a document titled, "Amended Motion To Clearify [sic] The Record Three." Between his original and amended complaints, he named a total of twelve defendants. Mr. Carson alleged that his civil rights were violated in connection with his arrest and subsequent criminal prosecution. In his original complaint, he argued (1) failure of prosecution to investigate, in violation of his Fourth, Fifth, and Fourteenth Amendment rights; (2) ineffective assistance of counsel, in violation of his Sixth and Fourteenth Amendment and Confrontation Clause rights; and (3) conspiracy to convict between the prosecution and defense counsel, in violation of his Fifth, Sixth, and Fourteenth Amendment rights. Specifically, he claimed that false police statements led to his incarceration, that the public defenders have "shown no interest in preparing a defence," and that the defendants entered into a conspiracy to convict him. Rec. doc. 1, at 6 (Complaint, filed Jan. 23, 2007). In his amended complaint, he argued that (4) Judge Kuehn (a Tulsa County district court judge) entered into a conspiracy with the prosecution to obtain his conviction, in violation of the Sixth Amendment; (5) Judge Kuehn violated his Fourteenth Amendment rights acting with racial bias against Mr. Carson; and (6) Judge Gillert (also a Tulsa County district court judge), who Mr. Carson describes as "very racist and is well known for it," similarly violated his Sixth and Fourteenth Amendment rights. Rec. doc. 4, at 5 (Amended complaint, filed Feb. 6,

3

2007).  Second, Mr. Carson seeks to proceed IFP, although he is no longer a state prisoner.  We review each of the two contentions in turn.

We review de novo the decision to dismiss a complaint for failure to state a claim. *Kay v. Bemis*, --- F.3d ----, 2007 WL 2694053, at *2 (10th Cir. Sept. 11, 2007).  We apply the same standard of review for § 1915(e)(2)(B)(ii) dismissals for failure to state a claim as we do for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.  *Id.* Specifically, "we look for plausibility in th[e] complaint."  *Bell Atlantic Corp. v. Twombly*, --- U.S. ----,  127 S.Ct. 1955, 1970 (2007).  While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 127 S.Ct. at 1964-65.  We must presume all allegations to be true and construe them in a light most favorable to the plaintiff.  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  Finally, we hold a pro se complaint to a less stringent standard than a pleading drafted by a lawyer.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Even construing Mr. Carson's claims liberally, we affirm the district court's decision to dismiss the claims against all twelve defendants for substantially the same reasons as set forth by the district court.

1. Judges Kuehn and Gillert, Assistant District Attorneys Kunzweiler and Harper

Tulsa County District Court Judges Kuehn and Gillert and Tulsa County Assistant District Attorneys Kunzweiler and Harper have absolute immunity.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (holding that a state court judge has absolute immunity unless his or

4

her actions were "nonjudicial," or taken in the complete absence of all jurisdiction); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that state prosecutors are entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process"); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (same). As Judges Kuehn's and Gillert's actions – simply conducting legal proceedings – do not fall under either exception the Court articulated in *Mireles*, we agree with the district court that they have absolute immunity. We further agree that Mr. Carson's claims against the state prosecutors, Assistant District Attorneys Kunzweiler and Harper, involve activities "intimately associated with the judicial . . . process," so those two defendants have absolute immunity as well. *Imbler*, 424 U.S. at 430-31.

2. Public Defenders Hjelm and Silva

Mr. Carson's attorneys, Mr. Hjelm and Mr. Silva, employed by the Tulsa County Public Defender's Office, are not liable under 42 U.S.C. § 1983. To be liable under § 1983, the defendant must have acted under color of state law. "[P]ublic defender[s] do[] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Harris v. Champion*, 51 F.3d 901, 909 (10th Cir. 1995) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Therefore, we agree with the district court's decision to dismiss the claims against Mr. Hjelm and Mr. Silva.

5

3. The six remaining defendants

Mr. Carson also fails to state a claim upon which relief can be granted with respect to the remaining six defendants. "[A] state prisoner's claim for damages is not cognizable under § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Furthermore, "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). The district court found that a judgment in favor of Mr. Carson on any of his claims challenging the constitutionality of his, at the time, ongoing incarceration due to the criminal charge then pending in Tulsa County District Court "necessarily impl[ies] the invalidity of his conviction or sentence." Rec. doc. 8, at 9 (Dist. Ct. order filed Feb. 19, 2007) (quoting *Heck*, 512 U.S. at 487)). We agree with the district court's analysis, and affirm its decision to dismiss Mr. Carson's claims against the remaining defendants.


B. MOTION FOR LEAVE TO PROCEED ON APPEAL WITHOUT PREPAYMENT

Under the PLRA:

[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the

6

prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee . . . .

28 U.S.C. § 1915(b)(1). The process for a non-incarcerated indigent litigant is different: if the court grants a motion to proceed IFP, the litigant does not have to pay the full amount of the filing fees. This court has yet to answer whether the PLRA's filing fee requirement applies to a plaintiff who was in prison at the time of filing notice of the appeal, but has since been released.

Our sister circuits are split on this issue. Some have held that if a complainant is a prisoner when he files an action or appeal, then the PLRA's filing fee requirement applies. *See, e.g.*, *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) ("That Gay was released from prison after he filed his notice of appeal is irrelevant."); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); *Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997) ("[Robbins'] current status does not alter the fact that he was a prisoner when he filed the appeals."). These cases rely on the plain language of the statute, holding that the meaning of the PLRA is clear: "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).

Other circuits disagree. The Second Circuit, for instance, has held that the PLRA's requirements do not apply once a prisoner is released. That court held that the PLRA provides "that the required partial fee payments are to be made only while the prisoner

7

remains in prison, and that, upon his release, his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for i.f.p. status." *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996). The *McGann* court held that this construction better conforms to the overall structure of the PLRA, and that an alternative reading would mean that the litigant would have to pay the entire balance of the fee in a single payment upon release from prison—"a result that would be more onerous than that imposed on those who remain incarcerated." *Id.*

The Fourth and Sixth Circuits agree. *DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003) ("A released prisoner should not have to shoulder a more difficult financial burden than the average indigent plaintiff in order to continue his lawsuit."); *McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir. 1997) (finding a "facial inconsistency" in the PLRA and holding "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status") (internal quotation marks omitted).

As we hold Mr. Carson's claim to be frivolous, we need not decide whether the PLRA's filing fee requirement applies to him now that he has been released. If it does apply, Mr. Carson would owe the full filing fee. If it does not apply, he would only be excused from paying the full filing fee if we were to grant IFP. Because we hold that his claims are frivolous, we would deny IFP and Mr. Carson would owe the full filing fee just as if the PLRA did apply. Since Mr. Carson owes the full filing fee under either scenario, we decline to decide whether the PLRA's filing fee requirements apply to a complainant

8

who is incarcerated at the time he files notice of appeal but is subsequently released.


## III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Carson's complaint for failure to state claim, and DENY his request to proceed IFP.


Entered for the Court,


Robert H. Henry
Chief Judge

9