**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK A. WINGO,

        Plaintiff-Appellant,

v.

SHAWN MULLINS; RANDAL
DREW; TERRY TARWATER;
TRENT HOLMAN; HOLMAN &
ASSOCIATES,

        Defendants-Appellees.

No. 09-5174
(D.C. No. 4:09-CV-00445-GKF-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

Mark Allen Wingo, a federal prisoner, appeals pro se from a district court

order that dismissed his civil rights complaint for failure to state a claim. He also

seeks leave to proceed in forma pauperis (IFP). We have jurisdiction under

28 U.S.C. 1291, deny IFP status, and dismiss this appeal.

---

[*]    After examining Plaintiff-Appellant's brief and the appellate record, this
panel has determined unanimously that oral argument would not materially assist
the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND[1]

While on supervised release following a federal court conviction for uttering a counterfeit security, Wingo formed a corporation, AirGoNomics, Inc., and began issuing unregistered shares. Wingo contacted attorney Terry Tarwater regarding corporate legal issues.

In October 2007, United States Probation Officer Randal Drew learned of AirGoNomics when searching a "Legal Defense Center" operated by Wingo. R. at 6. While driving Wingo to his home to continue the search, Drew purportedly accused Wingo of being dishonest, picked up a bullet, "acted as if he would place the bullet in [Wingo's] pocket," and said, "Let's [m]ake this easy." *Id*. at 9 (quotation marks omitted). Drew then said, "C'mon, can't you take a joke[ ]?" *Id.* According to Wingo, he and Drew then "exchanged words, which ended when Drew screamed[,] 'You're going to burn in hell!'" *Id.* at 10.

At some point, Drew contacted attorney Shawn Mullins from the Oklahoma Securities and Exchange Commission (OSEC), who obtained a preliminary

---

[1] When reviewing the dismissal of a complaint, "[w]e accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of . . . the plaintiff." *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). But Wingo's complaint is prolix, often providing only a rambling narrative of events. As such, it is largely violative of Fed. R. Civ. P. 8(a)(2)'s command that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Nevertheless, we give pro se litigants greater leeway by construing their pleadings liberally and holding them to less stringent standards than lawyers. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

injunction against Wingo, preventing him from selling AirGoNomics shares. At about the same time, Wingo was charged with violating the terms of his supervised release by, among other things, selling unregistered securities and passing himself off as an attorney.

Ultimately, Wingo admitted the violations in federal court and he pleaded guilty to using a fictitious title for a fraudulent purpose. In June 2008, he was sentenced to two consecutive twenty-one month terms of imprisonment.

In July 2009, Wingo filed a pro se 42 U.S.C. § 1983 and *Bivens* action[2] against Drew, Mullins, Tarwater, and Tarwater's employer (Trent Holmes and his law firm, Holmes & Associates). Wingo presented three claims for relief. The first claim stated in only conclusory fashion that Mullins violated his constitutional rights. The second claim targeted Drew for taunting him. And the third claim was for legal malpractice against Tarwater and his employer.

The district court granted Wingo IFP status, reviewed the complaint, and then dismissed it sua sponte without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. In doing so, the court construed Wingo's allegations against Drew and Mullins as including a claim that Wingo was coerced into pleading guilty to using a fictitious title and admitting the violations of his supervised release. The court reasoned that such a claim, if successful, would

---

[2]     *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

necessarily undermine the validity of his conviction and the revocation of his supervised release, and was therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As for the allegation that Drew taunted him, the court found the allegation insufficient to state a constitutional violation. Finally, regarding attorney Tarwater and his employer, the court concluded that they were merely private actors, not liable under § 1983. But on Wingo's motion for reconsideration, the district court clarified that insofar as Wingo intended to sue Tarwater and his employer under a state law negligence theory, the dismissal of the federal claims justified not retaining jurisdiction over any state supplemental claim.

### DISCUSSION

We review de novo a district court's § 1915(e)(2)(B) dismissal for failure to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In particular, we must determine whether the plaintiff's allegations "plausibly support a legal claim for relief" and are "enough to raise a right to relief above the speculative level." *Id.* at 1218 (brackets and quotation omitted).

We conclude for substantially the same reasons identified by the district court that Wingo's complaint fails to state a plausible claim for relief. To the extent the complaint could be construed as including a claim that Drew and Mullins coerced him into pleading guilty and admitting violations of his supervised release, he cannot pursue relief under either § 1983 or *Bivens* until his

-4-

conviction and revocation are reversed or set aside. *See Heck*, 512 U.S. at 486-87 (holding that a convicted person cannot bring a civil action that undermines the validity of his conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a . . . writ of habeas corpus."); *see, e.g.*, *Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008) (concluding that challenge to voluntariness of guilty plea undermined plaintiff's conviction, and was therefore barred by *Heck*); *cf. Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (holding that *Heck* applies to parole revocations and in both § 1983 and *Bivens* actions).[3]

---

[3]   Although not entirely clear, it appears that Wingo is no longer incarcerated. The Supreme Court has not definitively answered whether *Heck* applies when a prisoner is no longer "in custody" and cannot seek habeas relief. *See Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004). This court recently held "that a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim." *Cohen v. Longshore*, No. 09-1563, slip op. at 11-12 (10th Cir. Oct. 19, 2010). But Wingo was in custody at the time he filed his complaint in this matter. *See Sevier v. Turner*, 742 F.2d 262, 268 (6th Cir. 1984) (holding that "in custody" status for habeas purposes is determined at the time the complaint is filed). Further, Wingo's 2008 sentence for using a fictitious title included a three-year term of supervised release, and he would seem to still be subject to that provision. If so, he remains "in custody" as to that conviction and eligible to seek federal habeas relief under 28 U.S.C. § 2255. *See United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004). Wingo does not argue otherwise, and he contends that he has a § 2255 motion pending in the district court.

But even if *Heck* did not apply in this case, Wingo's allegations of coercion are insufficient to state a claim for relief under § 1983 or *Bivens*. Specifically, he alleges that he felt "pressured" and "confused" by Drew and Mullins. ROA at 15. He also alleges that "Drew would act [as] if he was concerned in helping [me], and then once the call ended he would contact Mullins," "striking [me] with his deadly poison[.]" *Id.* at 14. Neither "naked assertions devoid of further factual

(continued...)

As for Wingo's allegation that Drew taunted him with a bullet and yelled at him, he has not stated a constitutional violation. "[B]eing subjected to nothing more than threats and verbal taunts" does not violate the constitution. *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *see, e.g., Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam) (holding that sheriff's laughing at inmate and threat to hang him were insufficient to state a constitutional violation).

Finally, insofar as Wingo claimed Tarwater and his employer committed malpractice and violated his constitutional rights, the district court correctly observed that private attorneys ordinarily do not act under color of state law for § 1983 purposes or as federal agents for purposes of a *Bivens* claim. *See Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994) (§ 1983 action against attorney); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (*Bivens* action against attorney). Alternatively, with Wingo's federal claims properly dismissed, the district court acted within its discretion in declining to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3).

---

[3](...continued)
enhancement" nor "a sheer possibility that a defendant has acted unlawfully" will suffice to state a claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).

CONCLUSION

Wingo's motion to proceed IFP is DENIED. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that IFP status requires not only a financial inability to pay the required filing fees, but also the existence of a reasoned, nonfrivolous argument on the law and facts).[4] This appeal is DISMISSED for substantially the same reasons given by the district court in its dismissal order dated October 13, 2009.[5]

Entered for the Court


Deanell R. Tacha
Circuit Judge

---

[4] As we deny IFP status, we need not decide the extent to which the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), applies "to a plaintiff [like Wingo] who was in prison at the time of filing notice of the appeal, but has since been released." *Carson v. Tulsa Police Dep't*, 266 F. App'x 763, 766 (10th Cir. 2008).

[5] It is unclear whether Wingo also challenges the district court's order denying his motion for reconsideration, which was construed as an Fed. R. Civ. P. Rule 59(e) motion to amend. In any event, Wingo advances no intelligible argument that the court abused its discretion in denying the motion. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).