**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7250**

KELVIN DEWITT GOODE,

             Plaintiff – Appellant,

        v.

SARA   ELIZABETH   CHASE,   Assistant   United   States
Attorney/Criminal  Prosecuter;  NEIL  H.  MACBRIDE,  United
States Attorney; JOSE PREK-RUIZ, Government Civilian Police,
Ft.  Lee  Police  Officer;  UNKNOWN,  Military  Police  NCO,
Sergeant First Class, MP Supervisor; UNITED STATES DISTRICT
COURT FOR EASTERN DISTRICT OF VIRGINIA, Richmond Division,

             Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District  of  Virginia,  at  Richmond.    Robert  E.  Payne,  Senior
District Judge. (3:10-cv-00193-REP)

Submitted:  February 3, 2011       Decided:  March 30, 2011

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Dismissed  in  part;  vacated  in  part  by  unpublished  per  curiam
opinion.

Kelvin Dewitt Goode, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Dewitt Goode filed a <u>Bivens</u>[*] action while in federal custody. In this appeal, he seeks review of the district court's order denying his motions to appoint counsel, to transfer venue, and to proceed in forma pauperis ("IFP") under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (2006). Because Goode has been released from custody, his appeal of the PLRA ruling is moot, and we vacate the judgment of the district court as it relates to Goode's status under the PLRA. We lack jurisdiction to consider the denial of Goode's motions and dismiss that portion of his appeal.

Goode challenges the district court's finding that he was not entitled to proceed without prepayment of fees under the PLRA because he had three strikes within the meaning of 28 U.S.C. § 1915(g). Goode argues that each of the strikes identified by the district court should not be counted as strikes, that he satisfied § 1915(g)'s "imminent danger" exception, and that the PLRA does not apply because he is no longer a prisoner. The record reflects that Goode was in federal custody when he filed his <u>Bivens</u> action, when the district court denied his motion to proceed without prepayment

---

[*] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

2

of fees, and when he noted this appeal. Goode was released prior to the filing of his informal brief.

"To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). A case fails to meet this requirement where "resolution of an issue could not possibly have any practical effect on the outcome of the matter." Norfolk S. Ry. Co. v. City of Alexandria, 608 F.3d 150, 161 (4th Cir. 2010). Here, Goode is no longer a prisoner and therefore not subject to the requirements of the PLRA. See DeBlasio v. Gilmore, 315 F.3d 396, 397 (4th Cir. 2003).

When a case is rendered moot on appeal, courts typically vacate the moot aspects of the judgment "because doing so 'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing none 'by a decision which . . . was only preliminary.'" Alvarez v. Smith, 130 S. Ct. 576, 581 (2009) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950)). Because Goode's case is no longer pending before the district court, the resolution of these issues would be without effect, and therefore advisory. Accordingly, we vacate the district court's judgment as it relates to Goode's status under

3

the PLRA.  In light of this disposition, we lack jurisdiction to consider Goode's appeal from the district court's denial of his motions to appoint counsel and transfer his case.

Based on the foregoing, we dismiss the appeal in part. We vacate the district court's judgment as to Goode's status under the PLRA.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
VACATED IN PART