FILED
United States Court of Appeals
Tenth Circuit

August 12, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOSEPH JON DREISMEIER,

     Plaintiff - Appellant,

v.

ROGER WERHOLTZ, Interim
Executive Director CDOC; JAMES
FALK, Warden SCF; RICHARD
MISCHIARA, C/O IV at SCF; C/O
MCCORMICK, C/O III at SCF; C/O
CONEY, C/O II at SCF; C/O
BRUNKHARDT, C/O I at SCF;
LARRY GRAHAM, Investigator for
Inspector General's Office,

     Defendants - Appellees.

No. 13-1141
(D.C. No. 1:12-CV-02998-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

---

Plaintiff Joseph Dreismeier, proceeding pro se, filed a complaint pursuant

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

to 42 U.S.C. § 1983 against six Colorado Department of Corrections (CDOC) employees and one federal official. The magistrate judge concluded that the complaint was insufficient, and ordered him to file an amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8 and alleged the personal participation of each defendant. After he failed to do so, the court dismissed the action without prejudice. Mr. Dreismeier now appeals from that order of dismissal. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

## Background

On November 14, 2012, Mr. Dreismeier filed a pro se complaint against several individuals, including Officers Coney and Brunkhardt who worked at the Sterling Correctional Facility. I R. 4–14. He raised five claims in his complaint and requested money damages and injunctive relief. Id. In claims one and four, he alleged cruel and unusual punishment, stating

> on Feb[r]uary 24, 2012, while being escorted to segregation by Officers Coney [and] Brunkhardt [my] pants started falling down, at which time c/o Brunkhardt tried to pull them up. However c/o [] Coney told him to let them fall off. . . . He then [said] that he's tired of us inmates thinking we deserve respect [and] proceeded to walk me past [six] male officers and [four] female officers . . . .

Id. at 8. He further alleged that "these d[e]liberate actions [were] done to humiliate me and to cause me emotional pain." Id. at 11. In claims two and

three, he asserted the denial of due process and retaliation, alleging that the CDOC "has refused to deal with these violations of my civil rights even when I followed all administrative processes," and that Officers Coney and Brunkhardt, among others, have harassed him during meals. Id. at 9–10. Finally, in claim five, he argued that he was denied equal protection of the laws. Id. at 12.

The magistrate judge initially directed Mr. Dreismeier to cure a deficiency in his complaint, which he did, filing an amended complaint in which the parties named in the caption matched the parties listed in the text. Id. at 22–25. The magistrate also granted him leave to proceed in forma pauperis (IFP). Id. at 40–42. However, on December 27, 2012, the magistrate ruled that the

> complaint fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The complaint is unnecessarily verbose, repetitive, and fails to demonstrate clearly and succinctly the personal participation of each named defendant . . . .

Id. at 44. The magistrate directed him to file an amended complaint within thirty days, and further ordered that he "shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) . . . and use that form in submitting the amended complaint." Id. at 47. On February 4, 2013, the magistrate granted him a thirty-day extension. Id. at 49. But Mr. Dreismeier never filed a second amended complaint, and on March 18, 2013, the court dismissed the action for failure to comply with the court order and failure to prosecute. Id. at 50–52. The court also denied IFP status on appeal.

Id. at 51.

Mr. Dreismeier timely filed a notice of appeal. Id. at 54. On July 1, 2013, he submitted an opening brief and a motion for leave to proceed IFP. He also informed the court that "[a]s of July 2nd my address will be changing . . . for I will be leaving prison." Mr. Dreismeier is no longer incarcerated.


## Discussion

We liberally construe Mr. Dreismeier's pro se filings. Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1302 n.1 (10th Cir. 2011). But we may not "assume the role of advocate" and make his arguments for him. Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

Mr. Dreismeier raises two issues in his brief: (1) that he lacks meaningful access to the courts, and (2) that the court is acting as an advocate for the state. Aplt. Br. 3. When liberally read in conjunction with his notice of appeal, we understand him to be challenging the dismissal of his action, arguing that he tried but was unable to access the necessary forms to file an amended complaint. See I R. 54.

We review for abuse of discretion a district court's dismissal for failure to comply with a court order. Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003). "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." United States ex rel.

Jimenez v. Health Net, Inc., 400 F.3d 853, 855 (10th Cir. 2005).

We are mindful that district courts are "afforded great discretion regarding . . . control of the[ir] docket," Garza v. Davis, 596 F.3d 1198, 1205 (10th Cir. 2010), but we find the court abused its discretion here. Mr. Dreismeier argues that he was denied access to the necessary forms and could not comply with the magistrate's order. We have no reason to doubt this representation, nor any reason to think that he purposefully ignored the court order. In fact, the record suggests otherwise—Mr. Dreismeier had previously followed a court order to cure a deficiency in his complaint. We also are troubled by the suggestion that dismissal is proper when the court imposes requirements on a prisoner and the prisoner is unable to comply. In so holding, we recognize that, because the action was dismissed without prejudice, Mr. Dreismeier could re-file his complaint. But we remain convinced that the action should not have been dismissed.[1]

We next turn to Mr. Dreismeier's request for leave to proceed IFP. Mr. Dreismeier filed an IFP application under the Prison Litigation Reform Act (PLRA) but has since been released from prison. If we grant IFP status, we must decide whether the PLRA applies to the request. If the PLRA applies, he should have paid an initial partial appellate filing fee calculated according to the formula in 28 U.S.C. § 1915(b)(1). And while he was incarcerated, he should have paid

---

[1] Although we limit our review to the dismissal order, we question whether the complaint was insufficient as to Officers Coney and Brunkhardt. From our review, Mr. Dreismeier alleged the officers' personal participation in the incident.

additional amounts calculated pursuant to § 1915(b)(2) on the basis of his monthly income.  If the PLRA does not apply, he was entitled to proceed without prepayment of fees under § 1915(a)(1).

In deciding whether the PLRA applies, we ask whether the litigant was incarcerated at the time he brings a civil action or files an appeal.  Brown v. Eppler, – F.3d –, 2013 WL 3958371, at *6–7 (10th Cir. 2013) (discussing 28 U.S.C. §§ 1915(a)(2) and 1915(b)(1)).  Mr. Dreismeier satisfies both inquiries—he was incarcerated when he filed his action *and* his appeal.  Thus, the PLRA applies.  But he is no longer incarcerated and no longer subject to the PLRA.  Id. at *7 n.7 (citing DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003)).  He was only subject to the PLRA from the time he filed his notice of appeal until the time of his release from incarceration.  Neither the partial appellate filing fee nor any monthly amounts during that time period have been paid, and thus, constitute an outstanding obligation.  On remand, the court should exercise its discretion to determine the amount of the outstanding fee obligation.

We REVERSE and REMAND.  We GRANT Mr. Dreismeier's motion for leave to proceed IFP, and note that he is obligated to make payments toward the appellate filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge